IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIFFANY REDMOND, Individually and As Next Friend for J.R., a minor child; KENYA NORTHINGTON, Individually and As Next Friend for D.V., a minor child<br><br>v.<br><br>DICKSON COUNTY BOARD OF EDUCATION | Case No. 3:15-1274<br>Judge Trauger/Holmes |

To: the Honorable Aleta A. Trauger, District Judge:

## REPORT AND RECOMMENDATION

This matter was set for a case management conference on February 27, 2017 (Docket No. 38). At the scheduled hour, Plaintiffs did not appear and the Court has had no communication with them. Counsel for Defendant did appear, and prior to appearing had submitted a proposed case management order (Docket No. 39). Following the case management conference, Defendant filed a motion to dismiss (Docket No. 41). By subsequent Order (Docket No. 42), Plaintiffs were directed to respond to the pending motion to dismiss by March 20, 2017, which they failed to do.

For the reasons stated below, the undersigned Magistrate Judge respectfully recommends that this case be dismissed with prejudice for failure to prosecute and to obey court orders.

## I. BACKGROUND

This lawsuit was brought under 20 U.S.C. § 1703 and 42 U.S.C. §§ 2000c-8 and 1983 to redress the deprivation of the constitutional rights under the Fourteenth Amendment to the United State Constitution of four minors who were alleged victims of ongoing racially motivated or gender motivated male-on-male harassment and bullying while at school. When the lawsuit was

originally filed on November 19, 2015, there were four named Plaintiffs—Tiffany Redmond, Christie Baker, Kevin Stringer, and Kenya Northington—who brought suit individually and as next friends for their minor children. Docket No. 1. Plaintiffs were represented by counsel. After an initial case management conference held with Judge Trauger on February 8, 2016, pretrial activity occurred as provided for in the initial management order. *See* Docket Nos. 8 and 9.

On October 14, 2016, discovery disputes arose (Docket Nos. 12 and 13), which were then referred to the undersigned Magistrate Judge. *See* Order at Docket No. 14. On November 2, 2016, a motion to intervene was also filed by the next friend of non-party minor student from whom discovery was sought. (Docket No. 20). That motion was also referred to the undersigned Magistrate Judge. (Docket No. 21). On January 3, 2017, in the course of resolution of the pending contested matters, two of the original plaintiffs—Kevin Stringer and Christie Baker—requested that they be dismissed in both their individual and next friend capacities (Docket No. 33). Those Plaintiffs were dismissed by Order entered on January 9, 2017. *See* Order at Docket No. 36.

On January 3, 2017, Plaintiffs' counsel, Roland Mumford, also moved to withdraw as counsel for the remaining plaintiffs—Tiffany Redmond and Kenya Northington. Docket No. 35. Mr. Mumford was permitted to withdraw by Order entered on January 9, 2017, and Plaintiffs Redmond and Northington were given until February 10, 2017 to retain new counsel. *See* Docket No. 37. Plaintiffs were notified that if they failed to obtain new counsel by this date, they would be deemed to be proceeding pro se as to their individual claims only. Plaintiffs were further notified that, because they cannot appear pro se for their minor children, they were required to retain counsel to represent them in their respective capacities as next friends, and failure to do so would result in a recommendation that the claims of the minor children be dismissed. *Id.* at 2. By separate order, all parties were directed to appear at the February 27 case management conference,

either in person or through counsel. *See* Order at Docket No. 38. No counsel has entered an appearance for Plaintiffs either in their individual or next friend capacities.

As noted, Plaintiffs did not appear at the February 27 case management conference, nor did any counsel appear on their individual behalf or on their behalf as next friends. Following the February 27 case management conference, Defendant filed a motion to dismiss based on Plaintiffs' failure to prosecute (including noncompliance with the Court's orders) and their inability to represent the minors as pro se next friends. By Order entered March 7, 2017, Plaintiffs were given until March 20, 2017 to file a response to Defendant's motion to dismiss, and were cautioned that failure to file a timely response would be deemed to be no opposition to the requested dismissal. *See* Docket No. 42 at 2. Plaintiffs have not responded to the motion to dismiss in any manner.

## II. ANALYSIS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). This Court cannot proceed if Plaintiffs will not participate in the litigation process they initiated. Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988, 992 (6th Cir. 1999) (citations omitted).

The Court has considered these factors and concludes that dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted. From the report of defense counsel, it is clear that Plaintiffs have not participated in this case in any way since their former counsel's withdrawal. Plaintiffs have also failed to comply with the Court's orders to appear for a case management conference and to retain counsel if they intended to proceed as next friends for their children. Plaintiffs have similarly ignored deadlines set by the Court. Plaintiffs were warned that their failure to timely comply with a deadline for responding to Defendant's motion to dismiss would result in dismissal.

Dismissal with prejudice is appropriate in light of the impasse in further proceedings in this action caused by Plaintiffs' apparent disinterest in pursuing this litigation, as well as the fact that Defendant has a pending motion to dismiss that Plaintiffs have ignored. Neither the Court nor Defendant should be required to expend any further resources in the action given Plaintiffs' failure to prosecute, and a sanction lesser than dismissal with prejudice is not warranted.

**RECOMMENDATION**

For all of these reasons, the undersigned Magistrate Judge respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge